IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| RICHARD L. WAISNER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 12-05073-CV-SW-DGK-SSA |
| | ) | |
| CAROLYN W. COLVIN,[1] | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER AFFIRMING ALJ

Plaintiff Richard Waisner seeks judicial review of the Commissioner's denial of his application for disability insurance benefits under Title II of the Social Security Act ("the Act"), 42. U.S.C. § 401, *et seq*., and his application for supplemental security income ("SSI") benefits under Title XVI of the Act, 42 U.S.C. §§ 1381, *et seq.* Plaintiff has exhausted all administrative remedies, and judicial review is now appropriate under 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3).

Waisner alleges he became disabled as of June 20, 2004, and is therefore unable to engage in substantial gainful employment as a matter of law. After independent review of the record, carefully considering the arguments set forth by the parties, the Court finds the Commissioner's decision denying disability and SSI benefits is supported by substantial evidence on the record as a whole. The Commissioner's decision is AFFIRMED.

### Procedural and Factual Background

The complete facts and arguments are presented in the parties' briefs and are repeated here only to the extent necessary.

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Federal Rule of Civil Procedure 25(d), she is substituted for Michael J. Astrue as the defendant in this suit.

## Standard of Review

A federal court's review of the Commissioner of Social Security's decision to deny disability benefits is limited to determining whether the Commissioner's findings are consistent with the Social Security Act, the relevant case law, and the regulations, and whether they are supported by substantial evidence on the record as a whole. 42 U.S.C. § 405(g); *McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000). Substantial evidence is less than a preponderance, but it is "enough that a reasonable mind would find it adequate to support the ALJ's decision." *Id.* In making this determination, the court considers evidence that detracts from the Commissioner's decision as well as evidence that supports it. *Id.* If substantial evidence in the record supports the Commissioner's decision, the court may not reverse because substantial evidence in the record supports a contrary result or because the court may have decided the case differently. *Id.*

## Discussion

To establish entitlement to benefits, Plaintiff must show that he is unable to engage in any substantial gainful activity by reason of a medically determinable impairment that has lasted or can be expected to last for a continuous period of no less than 12 months. 42 U.S.C. §§ 423(d) and 1382(a)(3)(A). To determine a claimant's eligibility for benefits, the Commissioner employs a five-step evaluation process.[2] *See* 20 C.F.R. §§ 404.1520(a) and 416.920(a).

---

[2] There is a five-step process for determining eligibility. If the fact-finder determines at any step of the evaluation process that the claimant is or is not disabled, the inquiry does not continue. The applicant bears the burden of showing he is disabled from steps one through four of the process. *King v. Astrue*, 564 F.3d 978, 979 n.2 (8th Cir. 2009). At step five, the burden shifts to the Commissioner to show that there are other jobs in the economy that the claimant can perform. *Id.* The steps proceed as follows: First, the Commissioner determines if the applicant is currently engaged in substantial gainful activity. If so, the applicant is not disabled; if not, the inquiry continues. At step two, the Commissioner determines if the applicant has a "severe medically determinable physical or mental impairment" or a combination of impairments that has lasted or is expected to last for a continuous 12-month period. If not, the applicant is not disabled; if so, the inquiry continues. At step three, the Commissioner considers whether the impairment or combination of impairments meets the criteria of any impairment listed in Appendix 1 of 20 C.F.R. § 404.1520. If so, the applicant is considered disabled; if not, the inquiry continues. At step four, the

2

At Plaintiff's hearing, the administrative law judge ("ALJ") found that Plaintiff suffers from the following severe impairments: chronic obstructive pulmonary disease, asthma, bronchitis, obesity, and a history of tennis elbow. R. at 11. The ALJ then determined that these disorders do not meet the requirements of any of the impairments listed in 20 C.F.R., pt. 404, subpt. P, App. 1, and, therefore, Plaintiff is not disabled. The ALJ also found that Plaintiff retained the residual functional capacity ("RFC") to perform sedentary work as defined in 20 C.F.R. §§ 404.1567(a) and 416.967(a) with a number or restrictions and could perform work that exists in significant numbers in the national economy. Plaintiff argues the ALJ erred by: (1) failing to properly evaluate his credibility; (2) discounting the opinion of his treating physician; and (3) improperly formulating his RFC.

**A. The ALJ properly assessed Plaintiff's credibility.**

Plaintiff asserts that the ALJ did not conduct a proper credibility analysis in accordance with the factors set forth in *Polaski v. Heckler*. 739 F.2d 1320 (8th Cir. 1984). Specifically, Plaintiff argues that the ALJ did not give proper weight to Plaintiff's complaints of physical and mental limitations.

An ALJ is required to make an express credibility determination explaining why he does not fully credit a claimant's complaints. *Lowe v. Apfel*, 226 F.3d 969, 971 (8th Cir. 2000). When assessing a claimant's credibility, "the ALJ must look to the claimant's daily activities; the duration, frequency, and intensity of pain; precipitating and aggravating factors; dosage, effectiveness, and side effects of medication; and functional restrictions." *Finch v. Astrue*, 547 F.3d 933, 935 (8th Cir. 2008) (citing *Polaski,* 739 F.2d at 1322). Credibility determinations are

---

Commissioner considers if the applicant's residual functional capacity allows the applicant to perform past relevant work. If so, the applicant is not disabled; if not, the inquiry continues. At step five, the Commissioner considers whether, in light of the applicant's residual functional capacity, age, education and work experience, the applicant can perform any other kind of work. 20 C.F.R. § 404.1520(a)(4)(i)-(v) (2009); *King*, 564 F.3d at 979 n.2.

3

generally the province of the ALJ, and courts will defer to an ALJ's explicit credibility determination when it is supported by "a good reason." *Id.*

Here, the ALJ found that Plaintiff's minimal treatment history was inconsistent with his allegations of severe impairments. *See Edwards v. Barnhart*, 314 F.3d 964, 967 (8th Cir. 2003) ("[T]he ALJ concluded, and we agree, that if her pain was as severe as she alleges, [Plaintiff] would have sought regular medical treatment."). For example, Plaintiff's first pulmonary-function test was in August 2007, even though his alleged onset date was June 2004. R. at 13. Moreover, the record indicates that while Dr. Malcom Oliver, M.D., treated Plaintiff's asthma in August 2007 and January 2008, R. at 271-72, Plaintiff did not seek treatment from another doctor until he saw Dr. Damon Thomas, M.D., in April 2010. R. at 335. Additionally, Plaintiff was diagnosed only once with bronchitis and tennis elbow during his initial appointment with Dr. Thomas, but did not seek extensive treatment for these conditions on any other occasions. R. at 13, 335. Although the ALJ recognized that Plaintiff does not have medical insurance, he noted that there is no evidence he sought medical assistance or treatment in low-income clinics. R. at 15.

Next, the ALJ discussed how when Plaintiff did seek treatment, the objective medical evidence did not support the limitations Plaintiff alleged. R. at 12-13, 15. *See Gonzales v. Barnhart*, 465 F.3d 890, 895 (8th Cir. 2006) (an ALJ may determine that "subjective pain complaints are not credible in light of objective medical evidence to the contrary"). For instance, while Plaintiff claimed he suffered from severe breathing problems, R. at 219, the only available chest x-ray shows clear lungs and no sign of acute pulmonary disease. R. at 13, 326. Additionally, Plaintiff complained of pain and swelling in his legs. However, in July 2010, Dr. Peterson noted that Plaintiff had no difficulty bending his hips, knees, or ankles, R. at 353-54,

4

and Dr. Godard observed that Plaintiff had full range of motion in his knees and ankles. R. at 312.

Finally, the ALJ considered Plaintiff's daily living activities. *See Johnson v. Apfel*, 240 F.3d 1145, 1148 (8th Cir. 2001) (noting that where activities are inconsistent with a claimant's assertion of disability, this reflects negatively upon that claimant's credibility). As the ALJ observed, Plaintiff testified that his impairments did not affect his ability to handle his personal care. R. at 15, 49, 238. He further testified that he could go out alone, shop weekly, and socialize often. R. at 15, 240, 241. While these acts alone are not sufficient to prove one's ability to perform full-time work, they are inconsistent with Plaintiff's alleged limitations in walking, sitting, talking, hearing, and using his hands. R. at 242. *See, e.g.*, *Medhaug v. Astrue*, 578 F.3d 805, 816-17 (8th Cir. 2009) (noting that certain acts such as cooking, vacuuming, making the bed, reading, washing dishes and doing laundry, were inconsistent with subjective allegations of disability).

**B. The ALJ properly evaluated the opinion of Plaintiff's treating physician.**

Plaintiff next argues that the ALJ erred when he failed to give controlling weight to the opinion of Plaintiff's treating physician, Dr. Oliver, who treated Plaintiff three times during the period from August 22, 2007 through January 16, 2008. On August 22, 2007, Dr. Oliver performed a spirometry test which indicated that Plaintiff had "severe obstructive changes." R. at 272. He also assessed Plaintiff with severe asthma and restless leg syndrome. *Id*. However, because Dr. Oliver treated Plaintiff for only a short period of time and because the Dr. Oliver's opinion was unsupported by the record as a whole, the ALJ assigned the opinion little weight.

Under the Social Security Administration regulations, the opinions of treating physicians are generally entitled to substantial weight. 20 C.F.R. §§ 404.1527(d), 416.927(d). However,

5

despite this deference, the opinion "does not automatically control or obviate the need to evaluate the record as a whole." *Brown v. Barnhart*, 390 F.3d 535, 540 (8th Cir. 2004).  In fact, an ALJ may discount or disregard the opinion of a treating physician where other medical assessments are more thoroughly supported or where a treating physician renders inconsistent opinions.  *Wildman v. Astrue*, 596 F.3d 959, 964 (8th Cir. 2010).

The ALJ first noted that Dr. Oliver's medical source statement was not supported by his own treatment notes.  *See Strongson v. Barnhart*, 361 F.3d 1066, 1070-71 (8th Cir. 2004) (finding that the ALJ properly discounted a physician's opinion that was "not internally consistent with [the doctor's] own treatment notations").  For example, Dr. Oliver's medical source statement contained restrictions in Plaintiff's ability to see, speak, and hear.  However, Dr. Oliver's own treatment records never mentioned any problems in these areas.  R. at 14, 309.  Additionally, Dr. Oliver never suggested that Plaintiff restrict his activities based on any of these conditions.

Dr. Oliver's opinion was also inconsistent with the record as a whole. While Dr. Oliver opined that Plaintiff was limited in reaching, handling, and feeling, Dr. Jon Peterson, M.D., observed that Plaintiff's grip was five out a five, and Dr. James Godard, D.O., a one-time examining physician observed that Plaintiff had unlimited ability to handle, finger, and feel.  R. at 309, 315, 354.    *See Clevenger v. Soc. Sec. Admin.*, 567 F.3d 971, 975 (8th Cir. 2009) (discrediting a physician's opinion where it was inconsistent with earlier records of treating physicians).  Plaintiff himself admitted in his function report that he had the ability to dress, bathe, and shave. R. at 238.

Additionally, the ALJ did not discredit those portions of Dr. Oliver's opinion he found credible.  For instance, Dr. Oliver concluded that Plaintiff should avoid exposure to dust and

6

Case 3:12-cv-05073-DGK   Document 11   Filed 04/24/13   Page 6 of 9

fumes, and the ALJ incorporated this finding into Plaintiff's RFC, noting that he should avoid all exposure to these irritants. R. at 12, 309. The ALJ also included Dr. Oliver's suggested limitations that Plaintiff could only occasionally stoop or climb. *Id*.

Finally, the ALJ properly considered Dr. Oliver's short period of treating Plaintiff, noting that during the six months in which Dr. Oliver treated Plaintiff, he saw him only three times. R. at 14.

Overall, the ALJ properly discredited Dr. Oliver's opinion because it was contradicted by Dr. Oliver's own treatment notes, the other medical evidence of record, and Plaintiff's daily living activities.

**C. The ALJ properly assessed Plaintiff's RFC.**

After assessing the medical evidence of record, the ALJ concluded that Plaintiff had the RFC to perform sedentary work with certain limitations. R. at 12. Specifically, the ALJ noted Plaintiff could: (1) continuously lift up to ten pounds and frequently lift up to twenty pounds; (2) stand for one hour, walk for one hour, and sit for six hours in an eight-hour workday; (3) continuously reach, handle, finger, feel, push, pull, and operate foot controls; (4) frequently balance kneel, crouch, and crawl; and (5) occasionally stoop or climb stairs. *Id*. The ALJ further restricted Plaintiff to occasional exposure to humidity, wetness, extreme cold, extreme heat, and vibrations and noted that he should avoid all exposure to dust and fumes. *Id*.

Plaintiff first argues that the ALJ's RFC does not comply with Social Security Regulation 96-8p because it does not "explain in detail what medical and non-medical evidence [the ALJ] used to assess [Plaintiff's] RFC" (Doc. 7, at 13). Plaintiff also argues that the ALJ's failure to give controlling weight to Dr. Oliver's opinion renders his RFC finding inaccurate.

7

A claimant's RFC is the most an individual can do despite the combined effects of all of his or her credible limitations. *See* 20 C.F.R. § 404.1545. An ALJ's RFC finding is based on all of the record evidence, including the claimant's testimony regarding his symptoms and limitations, the claimant's medical treatment records, and the medical opinion evidence. *See Wildman v. Astrue*, 596 F.3d 959, 969 (8th Cir. 2010); *see also* 20 C.F.R. § 404.1545; Social Security Ruling (SSR) 96-8p. Social Security Ruling 96-8p specifically requires that an RFC determination include "a narrative discussion describing how the evidence supports each conclusion."

In determining Plaintiff's RFC, the ALJ satisfied these requirements. As discussed above, the ALJ fully considered Plaintiff's subjective complaints of disability and the objective medical evidence of record. Specifically, the ALJ thoroughly considered Plaintiff's allegations of physical limitations and Dr. Oliver's opinion and discounted them to the extent they were not supported by the record as a whole. The ALJ then discussed why he credited some opinions and discredited others.

Overall, the ALJ's determination is both fully supported and sufficiently explained. The Court upholds the ALJ's determination of Plaintiff's RFC, finding that the determination was based on substantial evidence of record and properly included only Plaintiff's credible limitations. *See Wildman*, 596 F.3d at 966.

## Conclusion

After careful examination of the record as a whole, the Court finds the Commissioner's determination is supported by substantial evidence on the record. Accordingly, the Commissioner's decision is AFFIRMED.

**IT IS SO ORDERED.**

Date: April 24, 2013  /s/ Greg Kays
GREG KAYS, JUDGE
UNITED STATES DISTRICT COURT